UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL ESCAMILLA,<br><br>　　　　　　　　　Plaintiff,<br><br>　　　　v.<br><br>CITY OF SANTA ANA, et al.,<br><br>　　　　　　　　　Defendants. | Case No. 8:19-02229 JAK (ADS)<br><br>ORDER ACCEPTING UNITED STATES MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION |

　　　　Pursuant to 28 U.S.C. § 636, the Court has reviewed the Second Amended Complaint, (Dkt. No. 28), the other records on file herein, (Dkt. Nos. 33, 35, 38), the Report and Recommendation of the United States Magistrate Judge, (Dkt. No. 40), and Plaintiff's objections to the Report and Recommendation ("Objections"), (Dkt. No. 41). The Court has engaged in a *de novo* review of those portions of the Report and Recommendation to which objections were made. Plaintiff asserts multiple objections which largely reiterate the same arguments Plaintiff raised in his opposition to the underlying motion to dismiss ("Opposition"), (Dkt. No. 35), which the Report and

Recommendation properly concludes have no merit. After review, the Court overrules Plaintiff's Objections and adopts the Report and Recommendation in whole.

The Court overrules Plaintiff's most pertinent objections as follows:

*Claim 3—First Amendment Retaliation Claim*: Plaintiff contends that the temporal proximity between the moment he requested to be heard at Figueroa's bail hearing and when Officer Rodriguez wrote his report is enough to allege but-for causation. The Court overrules Plaintiff's objection because it reiterates the same arguments Plaintiff raised in the Opposition, which the Magistrate Judge properly decided in the Report and Recommendation. (R. & R. at 9; *see also* Dkt. No. 27, Order Granting Motion to Dismiss with Leave to Amend at 11-12.)

*Claim 4—Conspiracy Under 42 U.S.C. § 1985(3)*: Plaintiff contends that he may pursue a Section 1985(3) claim under a class-of-one theory. The Magistrate Judge correctly explained that no court has found a Section 1985(3) claim cognizable under a class-of-one theory, (R. & R. at 30-31), and Plaintiff offers no new authority to conclude otherwise. The Court overrules this objection.

*Claim 5—Claims for Unspecified Rights Under the First, Second, and Fourteenth Amendments*: Plaintiff argues the Magistrate Judge overlooked the allegations contained in paragraphs 62, 65, and 73. The Court overrules Plaintiff's objections for two reasons. First, the objections ignore that Claim 5 was dismissed for failure to comply with Federal Rule of Civil Procedure 8(a) by failing to identify the specific rights that were violated under the First, Second, and Fourteenth Amendments. (R. & R. at 11.) Second, the allegations contained in paragraphs 62, 65, and 73 are largely conclusory. From the few factual allegations in those paragraphs, the Court cannot

reasonably infer that Defendants violated Plaintiff's unspecified rights under the First, Second, and Fourteenth Amendments.

*Claims 7 & 8—Equal Protection Claims Under the Fourteenth Amendment:* Plaintiff objects for numerous reasons. First, he argues the SAC sufficiently alleges Defendants discriminated against him because he is a housed person. Second, he argues the SAC alleges a coherent "crime victim" classification. Third, he argues the SAC sufficiently alleges a class-of-one theory as shown by the allegations contained in paragraphs 31 through 33 from the SAC. The Court overrules Plaintiff's objections because they reiterate the same arguments Plaintiff raised in the Opposition, which the Magistrate Judge properly decided in the Report and Recommendation. (R. & R. at 12-15.)

*Claim 9—Procedural Due Process Claim Under the Fourteenth Amendment*: Plaintiff contends that he has a liberty interest to retain his status as a crime victim and he has a property interest in possessing a license to carry a concealed weapon and to pursue his profession as a bail fugitive recovery agent. The Court overrules these objections because they reiterate the same arguments Plaintiff raised in the Opposition, which the Magistrate Judge properly decided in the Report and Recommendation. (R. & R. at 15-18.)

*Claim 10—Substantive Due Process Claim Under the Fourteenth Amendment*: Plaintiff's argues that Defendants' conduct resulted in a longer and permanent prohibition of his right to practice his profession as a bail fugitive recovery agent. The Court overrules this objection because, as the Magistrate Judge explained, this Court cannot reasonably infer that Defendants' conduct completely barred Plaintiff from pursuing his profession as a bail fugitive recovery agent because a concealed weapons

permit is not required to do so.  (R. & R. at 19-20 (citing Cal. Penal Code § 1299.02(a)(1)-(4).)

*Claim 11—Failure to Prevent Wrongful Act (42 U.S.C. § 1986)*: Plaintiff contends that, because he has a cognizable claim under 42 U.S.C. § 1985(3), he has stated a claim under 42 U.S.C. § 1986.  The Court overrules Plaintiff's objections because they reiterate the same arguments Plaintiff raised in the Opposition, which the Magistrate Judge properly decided in the Report and Recommendation.  (R. & R. at 31-32.)

*Claims 12 & 13—Monell Claim and Claim for Negligent Hiring, Training, and Supervision*.  Plaintiff does not object to the Magistrate Judge's findings but argues he needs to conduct early discovery to uncover those facts that would support his claims.  The Court denies Plaintiff's request.  Generally, parties are not allowed to conduct discovery before the parties have conferred as required under Federal Rule of Civil Procedure 26(f).  Fed. R. Civ. Pro. 26(d)(1).  Early discovery is allowed under limited circumstances, none of which applies here.  The Court agrees with the Magistrate Judge that "[i]t is sounder practice to determine whether there is any reasonable likelihood that plaintiff[] can construct a claim before forcing the parties to undergo the expense of discovery."  *Rutman Wine Co. v. E. & J. Gallo Winery*, 829 F.2d 729, 738 (9th Cir. 1987).

Plaintiff also raises for the first time a request that the Court issue an order tolling the statute of limitations of Plaintiff's state law claims for 30 days pursuant to 28 U.S.C. § 1367(d).  (See Dkt. No. 41, at 27.)  That issue is best reserved for the state courts to decide.

Accordingly, IT IS HEREBY ORDERED:

1. The Report and Recommendation, (Dkt. No. 40), is accepted;

2. The federal constitutional and statutory claims (Claims 3-5 and 7-13) are dismissed with prejudice;

3. The Court declines to exercise supplemental jurisdiction over the state law claims (Claims 1 and 2), see 28 U.S.C. § 1367(c)(3), and dismisses these claims without prejudice; and

4. Judgment is to be entered in accordance with these determinations.

5. Upon the entry of this Order, it will be stayed for 10 days to permit Plaintiff to refile his state law claims in an appropriate Superior Court while this action is pending.

DATED: Septmber 22, 2021

JOHN A. KRONSTADT
United States District Judge